```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

SIX L'S PACKING CO., INC.,

        Plaintiff,

vs.                                    Case No.  2:04-cv-331-FtM-29SPC

GARY'S BROKERAGE, INC. and GARY HOLZHAUSEN, III,

        Defendants.
_____

**ORDER**

     This matter comes before the Court on plaintiff's Motion for Entry of Default Judgment and Award of Attorney's Fees and Costs Against Defendant, Gary Holzhausen, III (Doc. #25), filed on May 24, 2005.  The Court finds that an evidentiary hearing is not required in this case and will render a decision based on the documents submitted.

     Six L's Packing Co., Inc. (plaintiff) sells wholesale quantities of perishable agricultural commodities in interstate commerce. (Doc. #1, ¶ 5). Gary's Brokerage, Inc. (the Company) is a Missouri corporation doing business as G&G Marketing as a purchaser of perishable agricultural commodities (Produce) in wholesale quantities.  (Id. at ¶ 6).  Gary Holzhausen, III (defendant) is an officer, director or holder in a position to control the Company. (Id. at ¶ 7).  Plaintiff sold and defendant Company accepted $50,411.50 worth of Produce.  (Id. at ¶¶ 8-9). The Company failed to pay the amount of the invoices for the

Produce delivered. (Id. at ¶ 12). Plaintiff seeks, in the four-count Complaint (Doc. #1), a final judgment against defendants (jointly and severally) in the amount of $50,411.50 plus interest and costs; a final judgment a against defendants for breach of contract for the same amount plus interest, costs, and fees; a final judgment for breach of fiduciary duties under the PACA trust plus interest and costs; and any other relief the Court deems proper. (Doc. #1, pp. 6-7).  "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established . . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." Nishimatsu Constr. Co., Ltd., v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)(citations omitted).[1]

The Affidavit of Service (Doc. #22) indicates that defendant was served on December 4, 2004, by serving Jolene Abraham, a co-resident.[2] Pursuant to a request for default, a Clerk's Entry of Default (Doc. #24) was made on April 6, 2005. As plaintiff's claim against defendant is for a sum certain, or a sum which can by

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] The Court notes that service of process was executed outside the 120 day limit imposed by Fed. R. Civ. P. 4(m).

computation be made certain, plaintiff filed, pursuant to Fed. R. Civ. P. 55(b)(1), the instant motion for entry of a default judgment. (Doc. #25).  Federal Rule of Civil Procedure 55(b)(1) provides that when a "claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment."

As a preliminary matter, the Court must determine whether the allegations in the Complaint are truly well-pleaded for purposes of a default judgment.  Normally, an officer or shareholder will not be found liable for the debts of the corporation.  However, under the Perishable Agricultural Commodities Act (PACA), an individual may be held liable for the acts of its corporation.  "An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act. . . ." <u>Sunkist Growers, Inc. v. Fisher</u>, 104 F.3d 280, 283 (9th Cir. 1997)(citations omitted); <u>Red's Market v. Cape Canarveral Cruise Line, Inc.</u>, 181 F. Supp. 2d 1339, 1343-1345 (M.D. Fla. 2002).  It would appear that plaintiff has made well-pleaded allegations that defendant was the principal officer in control.  Therefore, the Court finds that default judgment is appropriate in the amounts previously determined by the January 12, 2005, Order (Doc. #18) entering a default judgment against Gary's Brokerage, Incorporated.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion for Entry of Default Judgment and Award of Attorney's Fees and Costs Against Defendant, Gary Holzhausen, III (Doc. #25) is **GRANTED**.

2. The Clerk shall enter an Amended Judgment adding that Gary Holzhausen is jointly and severally liable for the principal sum of $50,411.50; plus prejudgment interest accruing from November 9, 2003, to and including January 11, 2005, for a total of $10,640.08; a post-judgment interest per diem starting January 12, 2005, in the amount of $24.86; costs in the amount of $308.00; and fees in the amount of $2,250.00.

3. The Clerk shall mail plaintiff a certified copy of the Amended Judgment and send a copy of this Order and the Amended Judgment to 315 Dunes Blvd., #1003, Naples, Florida. The Clerk is further directed to terminate all deadlines and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of June, 2005.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Gary Holzhausen, III